BANK OF KEY WEST, APPELLANT, VS. J. F. NAVARRO ET UX., APPELLEES.

BANK OF KEY WEST, APPELLANT, VS. THEODORE PEREZ ET UX., APPELLEES.

A bill filed to foreclose a mortgage made by N. and wife to secure one thousand dollars to B., as represented by one of C. P. & N.'s drafts which does not show that B. was the owner of said draft at the time of filing the bill, or that said draft was due when the same was filed, is fatally defective and a demurrer thereto should be sustained.

Appeal from the Circuit Court for Monroe county.

The above entitled cases were argued and submitted together, and but one opinion was delivered therein.

The facts of both cases are the same, and are stated in the opinion.

*R. W. Williams* for Appellant.

*John A. Henderson* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellant filed its bill in the Circuit Court of Monroe county to foreclose a mortgage made by the appellees. The mortgage is attached as an exhibit to the bill and made a part of it by appropriate·words of reference. The mortgage expresses that it is given to secure the payment of one thousand dollars, being a part of the indebtedness of said Navarro and wife to the mortgagee, the Bank of Key West. The condition in the instrument is as follows: " Provided always, and these presents are on this express condition, that if the said Juan F. Navarro and Mary A. Navarro, his wife, shall well and truly pay unto the party of the second part (Bank of Key West) the said sum of money *represented by one of Cespedes, Perez & Navarro's drafts* according to the true intent and meaning * * *," the mortgage to be void.

It is evident from the language quoted that the terms of the indebtedness as to the one thousand dollars are dependent upon and are fixed by the terms of the draft of Cespedes, Perez & Navarro alluded to. There can be no proper understanding of the case without more knowledge of the terms of the draft introduced.

The drafts or the particular one intended, for it seems there was more than one, are nowhere set forth or described in the bill or made exhibits thereto. We have no information from the bill as to how many of these drafts there were, nothing to show which was intended to be secured in part by the mortgage, by whom or on whom drawn, for what amount, or when it or they were to become due, or that the bank of Key West was ever at their making, or

when they fell due, or when the bill was filed, the owner thereof. The bill was demurred to and the demurrer properly sustained.

We think it needs. no argument or elaboration to show that when a party files a bill to foreclose a mortgage it is imperatively incumbent on him to show that he is the owner of the debt intended to be secured and that such debt is *due*. This bill shows neither.

Jones in his Treatise on Mortgages, sec. 1452, says that the bill should allege the execution and delivery of the mortgage and of the note or bond secured by it, the names of the parties to it, the date and amount of it, the amount claimed to be due, and the *default upon which the right of action has accrued*. Also that the terms and conditions of both the mortgage and the note or bond secured by it should be set out. The bill should show that the draft intended was due at the time of the commencement of the suit.

The decree of the Circuit Court is affirmed with leave to the complainant to amend his bill according to the rules of practice.